ROCKY MOUNTAIN AIRWAYS
MAINTENANCE ASSOCIA-
TION, Plaintiff,

v.

ROCKY MOUNTAIN AIRWAYS, INC.,
dba Continental Express and Continen-
tal Airlines, Inc., Defendants.

Civ. A. No. 92–B–635.

United States District Court,
D. Colorado.

Aug. 24, 1992.

Patricia A. Coan, Daniel R. Satriana, Jr., for plaintiff.

John J. Gallagher, Daniel P. Casey, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendants move to dismiss for lack of subject matter jurisdiction under the Railway Labor Act, 45 U.S.C. § 151, *et seq.* Hearing on the motion was held on August 19, 1992. Because this action necessarily implicates representation issues that are vested exclusively in the National Mediation Board (NMB), I do not have jurisdiction and the motion to dismiss is granted.

Plaintiff Rocky Mountain Airways Maintenance Association (the Union) has been the duly certified bargaining representative of Rocky Mountain Airway's ground and aircraft mechanics, inspectors, and cleaners since October, 1983. The Union negotiated several collective bargaining agreements, the latest of which was signed on May 2, 1990. That agreement provided that it would continue in full force and effect "pending operational merger" of Rocky Mountain Airway (RMA).

The Union denies that there has been an operational merger. However, the following facts are not in dispute. In 1990, RMA began merging its operations with Britt Airways, Inc. (Britt), a wholly owned subsidiary of Continental Airlines, Inc. (Continental). Since that time, RMA and Britt have combined their operations and have operated under the trade name of Continental Express. The two airlines have a combined schedule, combined reservations system, use Continental ticket stock, and are advertised and held out as a single entity. All the airplanes have the same paint scheme and all employees wear the same uniform. All labor and personnel matters are handled centrally. Moreover, Continental Express operates under a single, consolidated Department of Transportation certificate and a single Federal Aviation Administration air carrier operating certificate.

In 1991, defendants began refusing to process the Union's grievances under the existing collective bargaining agreement, claiming that an operational merger had occurred and, therefore, the agreement terminated. Further, defendants claimed that the operational merger had, in effect, extinguished the Union's right to represent these employees. The Union then brought this action seeking an injunction ordering defendants to comply with the collective bargaining agreement, to submit pending disputes to arbitration (as required by that agreement), and to comply with the provisions of the Railway Labor Act.

Disputes under the RLA are of two kinds: those concerning the terms of collective bargaining agreements ("minor disputes") and those concerning the proper representative of a group of employees ("representation disputes"). *Southern Railway Co. v. American Train Dispatchers Assn.*, 948 F.2d 887, 891 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1762, 118 L.Ed.2d 424 (1992). *See also, Consolidated Rail Corp. v. Railway Labor Executives' Assn*, 491 U.S. 299, 305, 109 S.Ct. 2477, 2481, 105 L.Ed.2d 250 (1989), (Minor disputes are of a type that "may be conclusively resolved by interpreting [an] existing agreement"). Proper classification is important because the RLA assigns different disputes to different jurisdictions. Minor disputes are submitted to arbitration before local system boards of adjustment, while resolution of representation disputes are vested exclusively in the National Mediation Board. 45 U.S.C. § 152, Second and Ninth. "If, however, a dispute involves an overlap between a minor dispute and a representation dispute, the matter is to be resolved exclusively by the National Mediation Board." *Southern Railway,* 948 F.2d at 891. *See also, Switchmen's Union v. NMB,* 320 U.S. 297, 303, 64 S.Ct. 95, 98, 88 L.Ed. 61 (1943), (District courts do not have jurisdiction to hear representation disputes).

■ The circuits agree that the issue of whether a union's certification survives an airline merger is within the exclusive province of the NMB. *See, e.g., Association of Flight Attendants v. Delta Airlines*, 879 F.2d 906, 912 (D.C.Cir.1989), *cert. denied*, 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 783 (1990), (collecting cases). The question of a union's continuing certification arises in the merger context because union representation of employees under the RLA must be "system-wide." That is, when two carriers merge their operations to become a "single carrier," there cannot be separate unions representing the same class of employees in the new single carrier. *Id.* Moreover, the question whether an operational merger has occurred so as to create a single carrier is also vested in the NMB.

■ A court may not entertain an action involving a post-merger representation dispute even if that issue arises in the context of otherwise justiciable claims. *International Brotherhood of Teamsters v. Texas International Airlines, Inc.*, 717 F.2d 157, 161 (5th Cir.1983). *See also, Brotherhood of Railway & SS Clerks v. United Air Lines*, 325 F.2d 576 (6th Cir.1963), (Where substance of case involves representation, form of the complaint does not control). In *Teamsters*, the court recognized that enforcement of an existing collective bargaining agreement inescapably entails the continuance of a union's role as employee representative in the post-merger environment. *Teamsters*, 717 F.2d at 161. "Continuation of the contract in force unavoidably constitutes a determination of employee representation" because a collective bargaining agreement, by definition, cannot survive without a certified collective bargaining agent. *Id.* Since representation disputes are vested exclusively in the NMB, the court held that a lawsuit which has the *effect* of deciding representation, even temporarily, must be dismissed. *Id.*

■ Here, the Union seeks an injunction ordering defendants to comply with the terms of the collective bargaining agreement. Just as in *Teamsters*, any such order would effectively resolve, at least during the period of the injunction, the post-merger representation question. Not only is resolution of this dispute vested exclusively in the NMB, but this very question is currently pending before that body. Continental's pilots' union filed a mediation with the NMB to determine whether Continental Express is a single carrier for representation purposes. The NMB recognized that any decision on the pilots' application would necessarily affect every other class of employee at Continental Express, and, in a May 12, 1992 letter, it requested position statements from all potentially affected unions, including the plaintiff here.

■ The Union also seeks an injunction ordering defendants to comply with the RLA, referring to the section requiring employers to abide by collective bargaining agreements and recognize certified unions. 45 U.S.C. § 152. This claim is merely a restatement of its request for an injunction ordering defendants to comply with the collective bargaining agreement, and it fails for the same reason. Lastly, plaintiff seeks an injunction ordering defendants to arbitrate the pending grievances. Even if this relief could be characterized as a genuine minor dispute, it is so intertwined with the representation dispute as to also require dismissal.

Plaintiff's reliance on *AFA v. Delta Air Lines, supra*, is misplaced. That case distinguished between an action seeking a declaratory judgment or injunction and an action seeking monetary damages for a past breach of contract. *AFA*, 879 F.2d at 913. The court reasoned that an award of damages for a past breach of a collective bargaining agreement, even in a post-merger context, would not have the *de facto* effect of resolving the representation question. *Id.* at 913–14. Here, however, the Union requests the precise type of prospective, injunctive relief that the AFA court held was outside its jurisdiction.

The Union also argues that only the NMB can decertify a union and carriers are prohibited from unilaterally revoking a union's status. Although the Union's argument is a correct statement of the law, it misinterprets the import of this order. I

am not holding that defendants can unilaterally decertify the Union; I am holding that this action is a representation dispute over which I have no jurisdiction.

Accordingly, IT IS ORDERED THAT:

(1) Defendants' motion to dismiss is GRANTED; and,

(2) This action is DISMISSED without prejudice.